## ARTHUR N. LA BRASH v. AUGUST WALL AND ANOTHER.[1]

### July 14, 1916.

### Nos. 19,915—(257).

**Negligence — verdict sustained by evidence.**

> In an action to recover damages for an injury done to plaintiff's property in a collision with defendant's auto truck, it is *held* that the evidence justified the verdict for the plaintiff and that there was no prejudicial error or irregularity at the trial.

Action in the municipal court of Minneapolis against the persons doing business as Wall-Pearson Auto Garage & Transfer Company to recover $500 for injury to plaintiff's property and his person caused by the negligent driving of defendant's motor moving van. The case was tried before Charles L. Smith, J., and a jury which returned a verdict for $200. From an order denying their motion for judgment in their favor or for a new trial, defendants appealed. Affirmed.

*Adolph E. L. Johnson* and *John M. Berg,* for appellants.

*N. L. Ericson* and *Paul J. Thompson,* for respondent.

DIBELL, C.

Action to recover damages for an injury to plaintiff's property in a collision with an auto of the defendant. Verdict for the plaintiff. Appeal by the defendant from an order denying its alternative motion for judgment or for a new trial.

The plaintiff was going south on a street in Minneapolis with a wagon load of household furniture. The auto van of the defendant came from the east on an intersecting street and turned towards the plaintiff from the south and at first was on the westerly side of the street on which

[1]Reported in 158 N. W. 723.

---

Note.—As to duty and liability of operator of automobile with respect to horses encountered on the highway, see notes in 1 L.R.A.(N.S.) 223, 14 L.R.A.(N.S.) 251, 48 L.R.A.(N.S.) 946.

the plaintiff was driving. The auto van had curtains which were flapping and making some noise. The plaintiff's team became frightened and ran away and the plaintiff's furniture was damaged. The evidence was sufficient to justify a finding of negligence.

The defendant submitted a number of requested instructions. So far as not covered by the general charge they were abstract statements which the court was not required to give.

Complaint is made that the court improperly charged the jury that false testimony had been given in the course of the trial and made improper remarks of like tenor when a witness of the defendant was on the stand. The settled case fails to make clear just what occurred. No prejudice is shown.

Order affirmed.